UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES WILLIAMS     CIVIL ACTION NO. 15-cv-2266

VERSUS     JUDGE HICKS

CITY OF SHREVEPORT, ET AL     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

    James Williams ("Plaintiff"), who is self-represented, filed this civil action against the City of Shreveport and Police Chief Willie Shaw. He alleges that he was held in jail 19 days after his scheduled release date, and he seeks $20,000 in damages. Before the court is a Motion for Summary Judgment (Doc. 14) by the Defendants. Plaintiff has not filed any timely opposition. For the reasons that follow, it is recommended that the motion be granted and this civil action be dismissed.

**Summary Judgment**

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for

either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

Petitioner alleges in his complaint that he was charged on June 25, 2015 with simple battery. He eventually pleaded guilty to disturbing the peace and received a sentence of six days, with credit for time served. His expected release passed on July 1, 2015, but he was not released from custody until July 20, 2015 despite his repeated pleas with jail administrators that he was being held without judicial authority.

Defendants responded to those allegations with summary judgment evidence. That evidence shows that a Shreveport police officer did arrest Plaintiff on June 25, 2015 and charge him with simple battery. The arrest arose from a complaint from a highly intoxicated person who said he was struck with a hammer by a friend of a friend. Plaintiff and a female companion became the suspects. A neighbor reported seeing them fighting with the victim. The neighbor saw the female companion striking the victim with a 2x4, and Plaintiff was

holding a hammer. The police officer saw a 2x4 and a hammer in plain view inside the home occupied by Plaintiff and his female companion.

Minutes from Shreveport City Court indicate that Plaintiff appeared on June 30, 2015 and pleaded guilty to an amended charge of disturbing the peace. He was sentenced to six days in jail with credit for time served. That would suggest a release date of July 1, 2015.

Joe Smith, shift commander at the city jail, testified in an affidavit that the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, placed a hold on Plaintiff on June 26, 2015 for a probation violation. The hold was not related to the June 25 arrest. Due to the hold, the jail was not authorized to release Plaintiff when he completed his sentence for the June 25 offense.

Plaintiff's probation was revoked on July 13, and on July 20 Plaintiff was transferred to the Caddo Correctional Center to complete the sentence on his probation revocation. Smith reports that, on information and belief, the Division of Probation and Parole authorized the release of Plaintiff on October 11, 2015, at which time Plaintiff had completed the sentence that was imposed at the time of probation revocation.

**Analysis**

Counsel for Defendants served a copy of the Motion for Summary Judgment on Plaintiff by mailing it to Plaintiff at the last address he provided to the court. Counsel reports that it was returned marked, "Box Number Closed, Unable to Forward." The Clerk of Court issued a notice of motion setting that set the deadlines for filing any response to the motion.

It was mailed to the same address, and it was returned marked, "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Local Rule 11.1 provides: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." Plaintiff was aware of how to notify the court in writing of a change of address, as he did so early in these proceedings. Doc. 5. The court also issued an order (Doc. 7) in this case that stated: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The order warned that failure to do so "shall be considered grounds for dismissal or other appropriate sanctions." It appears that Plaintiff nonetheless cancelled his post office box, and he did not provide the postal service a forwarding address or notify the court in writing of a new address. Thus, Plaintiff is likely not aware of the motion, but the fault is his own, and the court cannot keep the case pending forever in the hopes that Plaintiff might someday notify the court of a correct address. The merits of the motion will be addressed.

Louisiana law allows a judge to impose probation as part of certain sentences. It also provides that if there is a violation of any of the conditions of probation, the court may issue a warrant for the arrest of the defendant. A probation officer who has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation may arrest the defendant without a warrant or authorize a peace officer to do so. That authorization may be delivered to the official in charge of a parish jail or other place of detention and be sufficient authority for the detention of the defendant. La. C. Cr. P. art. 899.

The undisputed summary judgment evidence indicates that there was a lawful probation detainer placed against Plaintiff while he was in jail. His jailers were therefore authorized to hold him despite his service of his six-day sentence. There is no evidence to the contrary, so Defendants are entitled to summary judgment dismissing all claims against them.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 14)** be **granted** and that all claims against all Defendants be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge